```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION


Chris Geiger,                    :

        Plaintiff,               :

    v.                           :    Case No. 2:06-cv-0636

                                 :    JUDGE MARBLEY
Pfizer, Inc.,                         MAGISTRATE JUDGE KEMP
                                 :
        Defendant.
```

ORDER

In this employment case, plaintiff Chris Geiger claims that she has an impairment which is covered by the Americans with Disabilities Act but that Pfizer, her employer, refused to accommodate her disability and retaliated against her for filing a charge of discrimination with the EEOC. After the close of discovery, Ms. Geiger filed a motion to compel discovery, contending that she is entitled to more information than Pfizer has given her about the compensation of other health care representatives. For the following reasons, her motion will be denied.

II.

The discovery dispute centers around a single interrogatory. According to Ms. Geiger, she held the position of "Master Professional Health Care Representative" at the time of the alleged discrimination or retaliation. One of the actions she identifies as questionable is Pfizer's decision to give her a low performance rating in 2006 and adjusting her compensation accordingly. She propounded an interrogatory asking about the annual compensation of others who held the same job title. The interrogatory requested that information for every year from 2000 to the present, and also asked Pfizer to identify each such

employee's sales territory and the annual adjustments to his or her compensation package, including bonuses.

Pfizer supplied some but not all of that information to her. It gave her figures for three of its employees who held the job title of "SPHC-ML" (Senior Professional Healthcare Consultant - Master Level) within Ms. Geiger's region for the years 2002 through 2007.  In other discovery, it provided her with compensation information for not only employees who held that job title, but employees designated as "SPHC" (Senior Professional Healthcare Consultant - the position actually held by Ms. Geiger as well) who worked within her region between 2002 and 2007.  It declined to provide any information about its "SPHC-ML" employees working at other locations, however, on grounds of undue burden and relevance.

The parties exchanged correspondence about this issue in December of 2007.  Some additional documents at least tangentially relevant to the issue were produced in January of 2008.  Discovery closed on December 31, 2007, and Ms. Geiger did not file her motion until March 19, 2008.  In opposing the motion to compel, Pfizer also claims that the motion was untimely.  The Court will address that issue first.

III.

The Court's pretrial order speaks directly to the timing of the filing of motions relating to discovery.  In order to keep discovery confined to the discovery period set by the Court, the parties in this case (and in all of the Court's trial-track cases) were told that if they had grounds to move to compel discovery, they needed to make that motion before the end of the discovery period unless the circumstances of the case made it impossible or impractical to do so.  Ms. Geiger did not file her motion during the discovery period.  Consequently, unless the Court finds that she could not have met that deadline as a practical matter, her motion is untimely.

Ms. Geiger argues that any delay in filing the motion should

-2-

be attributed to Pfizer's delay in answering her interrogatories. It appears that there was some delay in that process.  On the other hand, all of the correspondence about this specific issue, including Pfizer's rejection of any compromise position, came to an end by December 18.  Consequently, even though Pfizer took a long time to answer this interrogatory, Ms. Geiger still could have filed her motion before December 31.

In this particular case, the Court will not fault her for not doing so.  In addition to the fact that the year-end holidays intervened, the parties were still talking about the production of at least one related email into January of 2008.  The difficulty in putting together what turned out to be a fairly detailed motion to compel, with at least one related piece of information still unproduced, in less than two weeks satisfies the "impractical" prong of the Court's order.  The Court will therefore address the merits of the motion.

IV.

The issue of the appropriate scope of discovery about "comparable" employees is perhaps the most frequently litigated discovery issue in employment discrimination cases.  This is certainly not the first time this Court has had occasion to address that issue.  As a general matter, plaintiffs want discovery that covers more years and more geographic area than defendants want to produce.  Thus, the Court is often tasked with determining which party has the better of the argument in any individual case.  Although there are some general rules that apply, the decision must always be fact-specific.  See, e.g., Barr v. Smith & Wollensky Restaurant Group, Inc., 238 F.R.D. 222, 223 (S.D.Ohio 2006), citing Scales v. J.C. Bradford & Co., 921 F.2d 901,907 (6th Cir. 1991).

According to Ms. Geiger, the important facts are these.  She was a "Master Professional Healthcare Representative" when she notified Pfizer that she had a qualifying disability and required accommodation.  It was after that notification that Pfizer (after

first giving her some accommodation) refused to continue to accommodate her disability, and once she complained to the EEOC, she got a negative evaluation which affected her compensation. There are not that many other Pfizer employees with her job title, so it would be easy for Pfizer to give her the information she wants.  Finally, her compensation and evaluation are set pursuant to policies that cover all of Pfizer's representatives, not just the ones in her region, and a representative from Pfizer's corporate office had input into the 2006 evaluation about which she complains.  Ms. Geiger asserts that these facts are enough to show that information about similar employees from other regions of the country might help her prove her case.

   Pfizer sees the facts differently.  It notes that Ms. Geiger does not have a Master's degree and that the word "master" appears in her job title as an honorary designation.  If that is so (and Ms. Geiger apparently does not contend otherwise), the "SPHC-ML" employees are not her peers, because that title is reserved for employees with actual Master's degrees.  Pfizer also contends that, although its compensation policies are set at the national level, the policies are implemented by district managers, with some input from regional managers, and that a representative of the national office rarely, if ever, gets involved in those decisions.  The national vice-president who became involved with Ms. Geiger's evaluation did so in only one year, 2006, and Ms. Geiger has already been able to take testimony and obtain documents about that involvement.  Pfizer notes that the input of the national vice-president, while it had the effect of lowering the numerical score given to Ms. Geiger on her evaluation, did not affect her compensation for the following year.  Finally, Pfizer argues that if it were required to give Ms. Geiger information about people who held her job in other regions (and this is not what she asked for directly), it would be a burden because about 500 people hold that job in any one year, and the workforce turns over frequently.  Over the course

-4-

of seven years, the information would easily cover a thousand or more workers.

As the Court noted in Barr, one key fact in deciding whether to allow an employment discrimination plaintiff to go outside of his or her region for information about other employees with similar jobs, or other persons who have applied for similar jobs, is the identity of the decision-makers.  If they are local, it is a good bet that discovery will be localized.  If they are national decision-makers, or if the corporate headquarters has significant input into the hiring or compensation decisions at issue, discovery will be broader, because it is more likely that any discriminatory intent of the persons whose actions affected the plaintiff will be evident in their other decisions as well.  Thus, in Barr, although the defendant contended that all hiring decisions were made at the local level, the Court allowed broader discovery because there was evidence that persons from other locations, and from the regional level, were also involved in rejecting the plaintiff's employment application.

That evidence does not really exist here.  Other than the one instance in 2006, there is nothing to suggest that annual compensation decisions for employees like Ms. Geiger were made at the national level.  There is not even a suggestion that the regional managers consulted each other on some level about such decisions.  The record the parties have made on the motion to compel does not suggest that there has ever been an allegation that Pfizer has refused to accommodate individuals with disabilities in any other region of the country, or that it has retaliated against such persons once they formally complained about discrimination.  In short, there is no reason to believe that information about employees in other regions will shed light on the motive or intent behind the decisions that affected Ms. Geiger.  Since she has already been provided with information about similar employees within her region for a period of six years (2002-2007), she should have enough information to make her

case through this type of evidence if it supports her claims of discrimination and retaliation.

V.

For the foregoing reasons, the plaintiff's motion to compel discovery (#55) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge