IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRIS GEIGER,** | : | |
| Plaintiff, | : | Case No. 2:06-CV-636 |
| v. | : | **JUDGE ALGENON L. MARBLEY** |
| **PFIZER, INC.,** | : | Magistrate Judge Kemp |
| Defendant. | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter comes before the Court on Defendant Pfizer, Inc.'s ("Pfizer") Motion for Reconsideration of Opinion and Order on Pfizer's Motion for Summary Judgment. Defendant moves for reconsideration of the Court's decision denying summary judgment on Plaintiff Chris Geiger's ("Geiger") disability discrimination claim. For the reasons stated below, Pfizer's Motion for Reconsideration is **GRANTED**.

### II. BACKGROUND

This Court ruled in its Opinion and Order on Pfizer's Motion for Summary Judgment ("Order") that Geiger "cannot demonstrate that she was disabled as defined under [the Americans with Disabilities Act] 42 U.S.C. § 12102(2)(A)." *Geiger v. Pfizer, Inc.*, No. 2:06-CV-636, 2008 WL 4346781, at *4 (S.D. Ohio Sept. 18, 2008). The Court also ruled, however, that a letter written by a Pfizer physician demonstrated that Geiger was "regarded as" disabled. *Id.* The Court further held that Pfizer had a duty to attempt to reasonably accommodate Geiger, and there

was a genuine issue of material fact as to whether Pfizer attempted to reasonably accommodate Geiger. *Id.* at *5-6.

In light of the Court's findings that Geiger was not actually disabled, but was rather "regarded as" disabled, Pfizer has moved for reconsideration of this Court's Order. Pfizer submits that Pfizer had no obligation to reasonably accommodate an employee who was "regarded as" disabled, and therefore it was a clear error of law for this Court to find that Geiger's disability discrimination claim survives summary judgment.

### III. STANDARD OF REVIEW

The Federal Rules do not provide for a "Motion for Reconsideration." If a Motion to Reconsider is filed within ten days of the judgment, most courts will treat the motion as a motion to amend or alter the judgment under Fed. R. Civ. P. 59(e). *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 617 (6th Cir. 2002). Pfizer filed its Motion within ten days of the entry of the Order. The Court will therefore consider Pfizer's Motion as a motion to alter or amend judgment under Rule 59(e).

Rule 59(e) permits parties to move for a court to alter or amend a previously issued judgment. The Court will only grant a Rule 59(e) motion where the moving party establishes one of the following: (1) a clear error of law; (2) newly discovered evidence not previously available to the parties; (3) an intervening change in law; or (4) manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006).

## IV. LAW AND ANALYSIS

The ADA defines disability as: (a) a physical or mental impairment that substantially limits one or more major life activities; (b) a record of such an impairment; or (c) being regarded as having such an impairment. 42 U.S.C. § 12102(2)(A)-(C). This Court previously held that Smith was only "regarded as" having such an impairment. *Geiger,* 2008 WL 4346781 at *4. If a person is only "regarded as" having a disability, this "obviate[s] the Company's obligation to reasonably accommodate [the employ ee]." *Workman v. Frito-Lay, Inc.*, 165 F.3d 460, 467 (6th Cir. 1999), *cited by Wilson v. Phoenix Specialty Mfg. Co., Inc.*, 513 F.3d 378, 388 (4th Cir. 2008) (recognizing circuit split on this issue); *see Gilday v. Mecosta County*, 124 F.3d 760, 764 n.4 (6th Cir. 1997) ("[t]hat such a person could request accommodation means that he is actually physically disabled under the Act, and not merely considered to be disabled or have a record of disability. . . . A person without an actual disability would not need any accommodation"). The *Workman* Court cited to the Equal Employment Opportunity Commission's ("EEOC") Training Manual, wherein the EEOC opined that an employer does not have a duty to provide a reasonable accommodation to an individual who is only covered under the ADDA because he/she is "regarded as" having a disability.

> Recognizing the authority of *Workman*, this Court has held,
>
> Even assuming there was any reasonable accommodation that the Postal Service could have made for Thompson, because he was not actually disabled, he was not entitled to it. *See Workman v. Frito Lay*, 165 F.3d 460, 467 (6th Cir. 1999); *Kaplan v. City of North Los Angeles*, 323 F.3d 1226, 1231 (9th Cir. 2003); *Weber v. Strippit, Inc.*, 186 F.3d 907, 917 (8th Cir. 1999).

*Thompson v. Potter*, No. C2-04-291, 2006 WL 783395, at *15 (S.D. Ohio Mar. 27, 2006). One of the supporting cases, besides *Workman*, cited by this Court in *Thompson* was the Ninth Circuit's decision in *Kaplan v. City of North Los Vegas,* 323 F.3d 1226 (9th Cir. 2003). In

*Kaplan*, the Ninth Circuit explained that "regarded as" plaintiffs are not entitled to reasonable accommodation because to hold otherwise would give rise to the "perverse and troubling result" that impaired employees "would be better off under the statute if their employers treated them as disabled even if they were not." 323 F.3d at 1232. As the Ninth Circuit further explained, employees can dispel stereotypes by "demonstrat[ing] their capacity to be productive members of the workplace notwithstanding impairments." *Id.*

Other district courts within the Sixth Circuit have also found, following *Workman*, that a "regarded as" disabled plaintiff is not entitled to reasonable accommodation. *See Dunning v. United Parcel Serv.*, 471 F.Supp.2d 795, 802 (E.D. Mich. 2007) ("If [this case] were an accommodations case, it would have been dismissed because the plaintiff admits he is not disabled, since employers need not accommodate employees who are not disabled according to *Workman v. Frito-Lay, Inc.*"); *Brown v. Russell Stover Candies, Inc.*, No. 2:00-0116, 2005 WL 3358872, at *14 (M.D. Tenn. Dec. 9, 2005) ("The Sixth Circuit has held, however, that in a 'regarded as' disabled case, a defendant has no obligation to reasonably accommodate the employee").

Though there is a circuit split on this issue (*See Wilson*, 513 F.3d at 388), the Sixth Circuit determined in *Workman* that a plaintiff that is "regarded as" disable is not entitled to reasonable accommodation. Since *Workman*, neither the Sixth Circuit, nor any district court within the Sixth Circuit, has taken a contrary position on this issue. *See Kelly v. Metallics West, Inc.*, 410 F.3d 670, 675 (10th Cir. 2005) (recognizing that *Workman* represents the Sixth Circuit's position on this issue); *D'Angelo v. Conagra Foods, Inc.*, 422 F.3d 1220, 1235 (11th Cir. 2005) (same).

Upon reviewing the parties' briefs for Pfizer's Motion for Summary Judgment, the Court finds that the first time in this litigation that the issue of accommodating Geiger as an individual "regarded as" disabled arose was in Pfizer's Motion for Summary Judgment, in which Pfizer argued that Geiger was not "regarded as" disabled. (*Id.* at pp. 27-28). Geiger never rebutted in her Response in Opposition that she was not "regarded as" disabled; rather, she only rebutted that she was actually disabled. (*See id.* at p. 20). It is understandable, therefore, why Pfizer did not raise the argument in its Reply in Support of its Motion for Summary Judgment that a plaintiff that is "regarded as" disabled is not entitled to accommodation. Pfizer may well have assumed that Geiger conceded that Geiger was not "regarded as" disabled. Regardless of whether the parties had an opportunity to make this argument and failed to do so, this Court will not exhort form over substance.

This Court did not analyze in its Order whether a "regarded as" disabled plaintiff must be reasonably accommodated, concluding only that a genuine issue of material fact existed on Geiger's disability discrimination claim. Sixth Circuit law establishes that a plaintiff, like Geiger, who is only "regarded as" disabled is not entitled to a reasonable accommodation. Pfizer's Motion for Reconsideration is **GRANTED**.

## V. CONCLUSION

For the foregoing reasons, this Court **GRANTS** Pfizer's Motion for Reconsideration. Geiger's disability discrimination claim is thereby dismissed as a matter of law, and only her retaliation claim survives summary judgment.

**IT IS SO ORDERED.**

                                       s/Algenon L. Marbley
                                       **ALGENON L. MARBLEY**
                                       **UNITED STATES DISTRICT COURT**

**Dated: March 18, 2009**