**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| CHRIS GEIGER, | ) | CASE NO. 06-cv-636 |
| *Plaintiff*, | ) | |
| | ) | JUDGE ALGENON L. MARBLEY |
| v. | ) | MAGISTRATE JUDGE KEMP |
| | ) | |
| PFIZER, INC., | ) | **DEFENDANT'S MOTION TO BIFURCATE** |
| *Defendant.* | ) | |

Pursuant to Fed.R.Civ.P. 42(b) and Ohio Rev. Code § 2315.21(B)(1), Defendant Pfizer, Inc. ("Pfizer") submits this Motion To Bifurcate the trial by separating any evidence regarding Plaintiff Chris Geiger's allegations for punitive damages from the issues of liability and other damages.  In support of this Motion, Pfizer states as follow:

Geiger asserts claims for retaliation under the Americans with Disabilities Act ("ADA") and under Ohio Rev. Code Ch. 4112.  (Compl. ¶¶ 32, 52, 53)  Punitive damages are not available to Geiger under her federal ADA claim.  *See Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961 (7th Cir. 2004)("The statute does not contemplate compensatory and punitive damages for a retaliation claim under the ADA…. [Therefore,] compensatory and punitive damages are not available for such claims."). Punitive damages may be available under Ohio Rev. Code Ch. 4112 if the plaintiff proves actual malice. *Rice v. CertainTeed Corp.,* 84 Ohio St.3d 417 (1999).

Under Ohio law, any tort action tried to a jury in which the plaintiff makes a claim for compensatory and punitive damages shall be bifurcated upon the motion of any party.  Ohio Rev. Code § 2315.21(B)(1).  Section 2315.21 provides that upon such motion, the Court <u>shall</u> bifurcate the trial into two stages, with the initial stage relating only to the determination of compensatory damages and the second stage, if necessary, relating to the determination of punitive damages. Ohio Rev. Code § 2315.21(B)(1)(a), (b).  As Geiger seeks both compensatory and punitive damages for her Ohio law retaliation claim (Compl. ¶ 55), Pfizer respectfully requests that this Court bifurcate the trial pursuant to Ohio Rev. Code § 2315(B)(1).

1

Bifurcation is also appropriate because Fed.R.Civ.P. 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues." Fed.R.Civ.P. 42(b). The United States Supreme Court has indicated that an issue is properly bifurcated if it is "distinct and separable" from the remaining issues. *Gasoline Prods. Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931). The Sixth Circuit has also adopted this standard for determining whether the issues of liability and damages are sufficiently separable to order separate trials. *Helminski v. Ayerst Lab.*, 766 F.2d 208, 212 (6th Cir. 1985).

Whether Pfizer is liable to Geiger for retaliation is a "distinct and separable" issue from whether, if liability is established, Geiger is entitled to punitive damages. As such, bifurcation is required under Ohio statutory law upon request and the Federal Rules of Civil Procedure. Moreover, bifurcation of the trial avoids the possibility of prejudice against Pfizer. In the unlikely event that the jury rules against Pfizer as to liability, bifurcation would allow the jury to consider more carefully the issue of whether Pfizer's conduct was so extremely egregious as to demand the payment of punitive damages.

For all of the foregoing reasons, Defendant Pfizer, Inc. respectfully submits the trial be bifurcated such that the issue of punitive damages, if necessary, is presented separately.

    Respectfully Submitted,

*/s/ James M. Stone*
James M. Stone, Trial Attorney (0034691)
Vincent J. Tersigni, Trial Attorney (0040222)
Nicole M. Monachino, Trial Attorney (0076736)
**Jackson Lewis LLP**
6100 Oak Tree Blvd, Suite 400
Cleveland, Ohio 44122
Phone: (216) 750-0404; Fax: (216) 750-0826
Email: James.Stone@jacksonlewis.com
      Vincent.Tersigni@jacksonlewis.com
      Nicole.Monachino@jacksonlewis.com

Attorneys for Defendant Pfizer, Inc.

        Fred G. Pressley, Jr. (0023090)
        Jenny T. Swinerton (0077750)
        **Porter Wright Morris & Arthur LLP**
        41 S. High St., 32nd Floor
        Columbus, OH 43215-6194

        Local Counsel for Defendant Pfizer, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>6th</u> day of April 2009, a true and accurate copy of the foregoing **Defendant's Motion to Bifurcate** was filed electronically with the United States District Court for the Southern District of Ohio.  Notice of this filing will be delivered to the following parties by operation of the Court's electronic filing system:

>Samuel N. Lillard, Esq.
>McNees Wallace & Nurick LLC
>21 East State Street
>Columbus, Ohio 43215-4228
>
>Attorney for Plaintiff
>Chris Geiger

>*/s/ James M. Stone*
>James M. Stone, Trial Attorney (0034691)
>**Jackson Lewis LLP**
>
>One of the Attorneys for Defendant
>Pfizer, Inc.