IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRIS GEIGER,** | : | |
| Plaintiff, | : | Case No. 2:06-CV-636 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| **PFIZER, INC.,** | : | Magistrate Judge Kemp |
| Defendant. | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter comes before the Court on Plaintiff Chris Geiger's Motion to Alter or Amend Judgment. Defendant moves for reconsideration of the Court's decision granting Defendant Pfizer, Inc.'s ("Pfizer") Motion for Reconsideration. For the reasons stated below, Geiger's Motion to Alter or Amend Judgment is **DENIED**.

### II. BACKGROUND

The Court ruled in its Opinion and Order on Pfizer's Motion for Summary Judgment ("Order") that Geiger "cannot demonstrate that she was disabled as defined under [the Americans with Disabilities Act] 42 U.S.C. § 12102(2)(A)." *Geiger v. Pfizer, Inc.*, No. 2:06-CV-636, 2008 WL 4346781, at *4 (S.D. Ohio Sept. 18, 2008). The Court also ruled, however, that a letter written by a Pfizer physician demonstrated that Geiger was "regarded as" disabled. *Id.* The Court further held that Pfizer had a duty to attempt to reasonably accommodate Geiger, and there was a genuine issue of material fact as to whether Pfizer attempted to reasonably accommodate Geiger. *Id.* at *5-6.

In light of the Court's findings that Geiger was not actually disabled, but was rather "regarded as" disabled, Pfizer moved for reconsideration of the Court's September 18, 2008 Order. Pfizer submitted that Pfizer had no obligation to reasonably accommodate an employee who was "regarded as" disabled; and therefore it was an error of law for the Court to find that Geiger's disability discrimination claim survives summary judgment. (Doc. no. 81).

On March 18, 2009, the Court issued an Opinion and Order, finding that if a person is only "regarded as" having a disability, this "obviate[s] the Company's obligation to reasonably accommodate [the employ ee]." *Geiger v. Pfizer, Inc.,* No. 2:06-CV-636, 2009 WL 779229, at *2 (S.D. Ohio Mar. 18, 2009), *quoting Workman v. Frito-Lay, Inc.*, 165 F.3d 460, 467 (6th Cir. 1999). Therefore, this Court held that Geiger was not entitled to a reasonable accommodation and granted Pfizer's Motion for Reconsideration. *Geiger*, 2009 WL 779229 at *3. Geiger has moved the Court to alter or amend its March 18, 2009 Order.

### III. STANDARD OF REVIEW

Fed. R. Civ. P. 59(e) permits parties to move for a court to alter or amend a previously issued judgment. The Court will only grant a Rule 59(e) motion where the moving party establishes one of the following: (1) a clear error of law; (2) newly discovered evidence not previously available to the parties; (3) an intervening change in law; or (4) manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006).

### IV. LAW AND ANALYSIS

The ADA defines disability as: (a) a physical or mental impairment that substantially limits one or more major life activities; (b) a record of such an impairment; or (c) being regarded

as having such an impairment. 42 U.S.C. § 12102(2)(A)-(C). If a person is only "regarded as" having a disability, this "obviate[s] the Company's obligation to reasonably accommodate [the employee]." *Workman*, 165 F.3d at 467. Geiger was only "regarded as" having a disability, and is thereby not entitled to a reasonable accommodation pursuant to *Workman*.

Geiger urges the Court to correct what she asserts was an error in law, due to the recent ADA Amendments Act ("ADAAA"), signed into law on September 25, 2008 and effective on January 1, 2009. Geiger asserts that Pfizer's argument that Geiger was not entitled to a reasonable accommodation because she was only "regarded as" disabled is "moot in the sense that Congress clarified [in the ADAAA] that courts are to broadly interpret what constitutes a disability under the ADA in compliance with its original intent in enacting the statute." (Doc. no. 95). Geiger contends that the ADAAA was "applicable in this case as the amendments became effective before a trial is to be held in this matter." (*Id.*)

This Court has previously found in *Vaughn v. Rent-A-Center, Inc.*, No. 2:06-cv-1027, 2009 WL 723166 (S.D. Ohio Mar. 16, 2009) regarding the ADAAA,

> These amendments do not apply retroactively, however, and this Court must decide this case without regard to those amendments, using the law in force at the time the complained of activity occurred. *Verhoff v. Time Warner Cable, Inc.*, Nos. 07-4265, 07-4348, 2008 WL 4691794, at *4 (6th Cir. Oct. 24, 2008); *EEOC v. Agro Distrib. LLC*, — F.3d —, 2009 WL 95259, at *8 (5th Cir. Jan. 15, 2009) (2008 ADA Amendments do not apply retroactively); *Supinski v. United Parcel Serv., Inc.*, No. 3:cv-06-0793, 2009 WL 113796, at *5 n.6 (M.D. Pa Jan. 16, 2009) (collecting cases) ("every court that has addressed the issue has concluded that the 2008 Amendments cannot be applied retroactively to conduct that preceded its effective date").

*Id.* at *3 n.1.

The events upon which Geiger bases her disability discrimination claim occurred

between three and five years before the ADAAA became effective The ADAAA, therefore, according to the above precedent, does not apply.

Geiger relies on the Sixth Circuit decision in *Jenkins v. Nat'l Bd. Of Med. Examiners*, No. 08-5371, 2009 WL 331638 (6th Cir. Feb. 11, 2009) as justification for filing her Motion to Amend or Alter. This reliance is misplaced. In *Jenkins*, the plaintiff was a third year medical student who requested additional time to take the United States Medical Licensing Examination as an accommodation for a reading disorder. *Id.* at *1. The plaintiff sought an injunction. *Id.* The Sixth Circuit reasoned that analysis under the ADAAA was appropriate given that:

> Rather than seeking damages for some past act of discrimination by the NBME, Jenkins seeks the right to receive an accommodation on a test that will occur in the future, well after [the ADAAA's] effective date.

*Id.* at *1.

The *Jenkins* decision is inapposite to this case. The plaintiff in Jenkins sought injunctive relief to secure an accommodation for an event occurring in the future — after enactment of the ADAAA. Conversely, Geiger is seeking damages for events that occurred four to five years before the ADAAA's effect date. The fact that Geiger includes "injunctive relief" as part of the relief she is seeking (along with back pay, front pay, lost benefits, compensatory damages and punitive damages) does not change the character of her lawsuit. Geiger never pursued injunctive relief from this Court. She never requested a temporary restraining order, a temporary injunction, or a permanent injunction.

A close reading of the *Jenkins* decision demonstrates that the timing of the events giving rise to the lawsuit in question (i.e., occurring before or after the effective date of the ADAAA) determines whether the ADAAA should be applied. *Jenkins* expressly distinguished decisions from other courts in which the ADAAA had not been applied retroactively because the "actions giving rise to the litigation occurred before the effective date" of the ADAAA. *Id.* at *2. *Jenkins* thereby recognized that it was inappropriate to apply the ADAAA to events occurring prior to its enactment date. *See id.*

The ADAAA, therefore, does not apply retroactively to this case. As such, it was not an error of law for this Court not to apply the ADAAA. The Court's Opinion and Order granting Pfizer's Motion for Reconsideration is a correct interpretation of the law as set out by the Sixth Circuit in *Workman*.[1]

## V. CONCLUSION

For the foregoing reasons, Geiger's Motion to Alter or Amend Judgment is **DENIED**.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
    **ALGENON L. MARBLEY**
    **UNITED STATES DISTRICT COURT**

**Dated: April 10, 2009**

---

[1] As the Court will not improperly retroactively apply the ADAAA to this case, the Court expresses no opinion on whether application of the ADAAA to this case would impose on Pfizer a duty to accommodate Geiger as an employee only "regarded as" disabled.